**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| IN RE ) | |
| ) | **Case No. 10-01501-TLM** |
| **TED W. ADY** ) | |
| ) | **Chapter 7** |
| Debtor. ) | |
| _____ ) | |

**MEMORANDUM OF DECISION**
_____

Ted Ady ("Debtor") filed a voluntary chapter 7 petition on May 18, 2010, commencing this case. The chapter 7 trustee, Jeremy Gugino ("Trustee"), objected to Debtor's claimed exemption in a 2004 Yamaha YFM 600 all-terrain vehicle (the "ATV"). On August 23, 2010, the matter was presented on stipulated facts and briefs, and taken under advisement. The Court concludes that the objection will be sustained and the exemption disallowed.

**FACTS**

Pursuant to the parties' stipulation, Doc. No. 24, these are the salient facts.

On March 11, 2008, Debtor sold the ATV to Kevin Bennett for $4,600. After the sale, Bennett took possession of the ATV and the ATV's certificate of title.[1] When Debtor filed his chapter 7 over two years later on May 18, 2010, the

---

[1] It is also agreed that both Debtor and Bennett are Idaho residents and the ATV is subject to Idaho vehicle title laws.

MEMORANDUM OF DECISION - 1

title to the ATV was still in Debtor's name. After Trustee advised Debtor and his counsel at the § 341(a) meeting that he intended to pursue recovery of the ATV, Bennett filed a June 18, 2010 application for a certificate of title, and he received a new certificate of title in his name with a "recorded date" of June 18, 2010. Bennett, however, ultimately complied with Trustee's demands to surrender both the ATV and the post-petition certificate of title. On July 14, 2010, Debtor amended his schedules to list the ATV as an asset that he owned worth $1,850 and to claim $800 of the ATV's value as exempt under Idaho Code § 11-605(11).[2] Trustee timely objected.

**DISCUSSION AND DISPOSITION**

The matter before the Court is controlled by § 552(g), which provides:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if –
    (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
        (B) the debtor did not conceal such property; or
    (2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section.

The Ninth Circuit Bankruptcy Appellate Panel has explained that "[t]he purpose of § 522(g) is to prevent a debtor from claiming an exemption in recovered property

---

[2] *See* Doc. No. 15 (amending sched. B, C). Debtor's initially signed, sworn and filed schedules did not claim to own the ATV, and made no claim of exemption in an ATV. Doc. No. 1.

MEMORANDUM OF DECISION - 2

which was transferred in a manner giving rise to the trustee's avoiding powers, where the transfer was voluntary or where the transfer or property interest was concealed." *Hitt v. Glass (In re Glass)*, 164 B.R. 759, 764 (9th Cir. BAP 1994), *aff'd*, 60 F.3d 565 (9th Cir. 1995).

The facts clearly establish that, two years prior to bankruptcy, Debtor sold the ATV, relinquishing possession and control to Bennett in return for payment of $4,600. That is a "transfer" in any common sense of the word, as well as within the Code's contemplation of the term.[3] And it was, on the agreed facts, a voluntary transfer. Why, then, does Debtor resist application of § 522(g)?

Debtor argues, among other things, that Bennett's failure to obtain a title in his own name means, under settled Idaho Bankruptcy Court decisions, that Bennett had no enforceable "right or interest" in the ATV. *See*, *e.g.*, *In re Woods*, 386 B.R. 758, 761-62 (Bankr. D. Idaho 2008) (applying Idaho title laws and finding a lack of cognizable, enforceable interest of a buyer absent a new certificate of title in buyer's name). Thus, Debtor argues, the ATV was always property of the estate and there was neither a transfer nor a Trustee recovery, making § 522(g)(1) inapplicable.

Debtor's argument is flawed. Just because the transferee (Bennett) may not

---

[3] *See* § 101(54)(D) defining "transfer" as including "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with – (i) property; or (ii) an interest in property."

MEMORANDUM OF DECISION - 3

be able to successfully defend against the Trustee's transfer avoidance action[4] does not mean that there was no transfer.[5]

The decision in *Rainsdon v. Farson (In re Farson)*, 387 B.R. 784, 08.2 I.B.C.R. 31 (Bankr. D. Idaho 2008), is instructive. There the trustee sought to recover, on a preference theory, payments that debtor made to purchase her boyfriend/husband's car. The trustee also alleged that the car was property of the estate and demanded that the debtor and her spouse turn it over for liquidation. Though they initially resisted, they eventually conceded it was property of the estate and surrendered it. Then the debtor claimed an exemption, which the trustee challenged under § 522(g). The Court noted that § 522(g) requires both a transfer of property by the debtor and a recovery by the trustee. *Id.* at 798. But in *Farson* there was no transfer in the sense of § 101(54): "[T]here was no 'disposing of' or 'parting with' the [car] and hence no transfer. It remained in [the debtor's] possession the entire time; only [the debtor's] payments were transferred to [the spouse]." *Id.* Conversely, here Debtor did dispose of and part with the ATV, giving possession for two years to its buyer. Thus, there was a transfer, and it was voluntary.

---

[4] Under the facts as stipulated, that action presumptively would arise under § 542, § 544(a) and, given the June, 2010, issuance of the new certificate of title, under § 549(a) as well. The Trustee is also correct in observing that the June, 2010, title is likely void under *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569 (9th Cir. 1992).

[5] Bennett evidently agreed, or at least decided it was not worth the cost of the fight, as he complied with Trustee's demands and surrendered the ATV and title.

MEMORANDUM OF DECISION - 4

Debtor also argues that, because Trustee never commenced an action against Bennett, there was no recovery within the sense of § 522(g). Instead, Debtor argues, Trustee simply acquired possession of § 541(a) property of the estate. Continuing in this vein, Debtor argues that Bennett merely complied with § 542, and turned over and delivered the ATV to Trustee, ergo "[t]here was no transfer avoided." Doc. No. 26 at 3. However, § 522(g) expressly includes recovery of property through turnover under § 542, *i.e.*, "under section 510(c)(2), *542*, 543, 550, 551, or 553 of this title[.]" (emphasis added).[6] Moreover, the Ninth Circuit has read the "recovers" requirement in § 522(g) broadly, concluding that it does not require a formal commencement or conclusion of an adversary proceeding. *Glass v. Hitt (In re Glass)*, 60 F.3d 565, 568-69 (9th Cir. 1995).[7] Here, there was a recovery of the transferred property.

The balance of Debtor's written arguments are similarly unpersuasive.[8]

**CONCLUSION**

Debtor's claim of exemption in the ATV is barred by § 522(g). Trustee's

---

[6] *Farson* also noted that recovery under § 542 "also implicates § 522(g)." 387 B.R. at 798 n.17.

[7] Among other things, *Glass* noted a lack of significant difference between a trustee filing a complaint and his threat to file a complaint that results in a reconveyance of the property to the estate, and it validated the BAP's decision that a trustee may "recover" property a number of ways, including by merely using a threat of avoidance powers to induce a debtor or transferee to return the property. *Id.* (citing *Hitt v. Glass (In re Glass)*, 164 B.R. 759, 763 (9th Cir. BAP 1994)).

[8] Both Debtor and Trustee declined the opportunity to make any oral arguments at the August 23 hearing and relied solely on their briefs.

MEMORANDUM OF DECISION - 5

objection is well taken and will be sustained, and the exemption disallowed.

Trustee may submit an order accordingly.

    DATED: August 25, 2010



                                  TERRY L. MYERS
                                  CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 6